

```
                    FILED
                  AUG 12 2010
          CLERK, U.S. DISTRICT COURT
         CENTRAL DISTRICT OF CALIFORNIA
         SOUTHERN DIVISION AT SANTA ANA
         BY _____ DEPUTY
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JOHN LEN PARRISH,<br><br>    Plaintiff,<br><br>v.<br><br>LEE BACA, et al.,<br><br>    Defendants. | Case No. CV 10-4254-GAF (MLG)<br><br>ORDER DISMISSING COMPLAINT<br>WITHOUT PREJUDICE |

## I. Facts

On June 29, 2010, Plaintiff John Len Parrish filed this first amended pro se civil rights complaint pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a prisoner at the Los Angeles County Pitchess Detention Center in Castaic, California. He is currently serving a sixteen month sentence following an unidentified criminal conviction.

Plaintiff named Los Angeles County Sheriff Lee Baca; the unidentified Chief Operations Officer at Pitchess; and the Judicial Council of the State of California as Defendants. Plaintiff alleged

---

[1] Parrish initially filed this action as a habeas corpus petition under 28 U.S.C. § 2254. Because the relief sought was not cognizable under section 2254, the petition was dismissed with leave to amend on June 16, 2010.

that Baca has subjected him to involuntary servitude and slavery by forcing him to work at the jail without pay. He further claimed Baca and the unnamed operations officer have denied him access to the Courts in that there is no law library at Pitchess. He finally claimed that the Judicial Council has violated his fourth and sixth amendment rights by denying him the right to representation for the purpose of filing civil rights and habeas corpus petitions.

On July 1, 2001, Magistrate Judge Marc L. Goldman dismissed the complaint with leave to amend. In doing so, it was found that plaintiff had failed to state a claim upon which relief may be granted as to his allegations of involuntary servitude; that Plaintiff's action against the California Judicial Council was barred by the Eleventh Amendment; and that Plaintiff had not demonstrated the actual injury required to state a claim for denial of access to the courts. Plaintiff was instructed to file a second amended complaint remedying the identified deficiencies no later than July 22, 2010. Plaintiff was explicitly informed that failure to do so would result in dismissal of the action without prejudice. Plaintiff has not filed a second amended complaint in the time allowed. Accordingly, this action will be dismissed without prejudice for failure to prosecute.

Federal courts possess the discretionary authority to dismiss an action based on a plaintiff's failure to diligently prosecute or comply with a court order. Fed.R.Civ.P. 41(b); Local Rule 12.1. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-630 (1962). "Dismissal is a harsh penalty and is to be imposed only in extreme circumstances." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). The Court is required to weigh the following factors in determining whether to

dismiss a case for lack of prosecution: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Omstead v. Dell, Inc*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (citing *Henderson*, 779 F.2d at 1423).

In weighing these factors, the court concludes that dismissal is appropriate in this case. Plaintiff has been afforded two opportunities to state a viable cause of action. Here, the public's interest in the expeditious resolution of litigation and the court's interest in managing its docket weighs in favor of dismissal. Given Plaintiff's failure to comply with the court's order, dismissal would not undermine the public policy favoring disposition of cases on the merits. In addition, there is no identifiable risk of prejudice to Defendants.

Accordingly, it is ORDERED that this action be dismissed without prejudice for failure to prosecute.

Dated: 8/10, 2010

Gary A. Feess
United States District Judge

Presented By:

Marc L. Goldman
United States Magistrate Judge